## SMITH v. BRIXEY.

(Court of Appeals of District of Columbia. Submitted March 9, 1926. Decided April 5, 1926.)

No. 1833.

Patents ☞90(5)—Party to interference proceeding held not to have shown diligence in reduction to practice, and not entitled to priority.

Party to interference proceeding, establishing priority of conception of invention, consisting of accessory for motion picture projecting machines, *held* not to have shown diligence in reducing to practice, and not entitled to priority over another, who first reduced to practice.

Appeal from the Commissioner of Patents.

Interference proceeding between Will C. Smith and Austin D. Brixey. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeals. Affirmed.

W. B. Morton, of New York City, for appellant.

Thomas Howe, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The invention in issue is an attachment or accessory for motion picture projecting machines. This kind of a machine comprises a lamp house mounted upon a suitable support, containing an arc lamp or an incandescent lamp of high intensity, with suitable condensers for focusing the light on the film when in place in the "projection aperture." The aperture is the same size as the picture upon a film, and cuts off the light from all portions of the film, except the single picture in registry with the aperture, so that no other part of the film will be thrown upon the screen. To aid in the accurate registry of the picture with the aperture, a so-called "framing" device is provided, whereby the operator may obtain proper adjustment by a simple movement of a crank or lever. In this operation the projecting light must be shut off, and the lamp house must be otherwise lighted, in order that the operator may make the adjustment. The present invention consists of an arrangement for placing a small electric lamp of low intensity in the mechanism to answer this requirement. The invention is a simple one, and is defined in a single count, as follows:

"A projecting apparatus for projecting moving pictures, comprising a projecting light and an auxiliary light upon the interior of the lamp house of said projecting apparatus, of less intensity than said projecting light, for illuminating the projector window."

The interference is between two pending applications. Brixey filed his application on October 11, 1919, alleging conception and disclosure in March, 1919, drawings and written description on May 24, 1919, and reduction to practice on October 11, 1919, which was his filing date. Smith filed his application on September 25, 1920, alleging conception in January, 1919, and reduction to practice by the production of a full-sized operative apparatus on May 6, 1920. Both parties were allowed to amend their preliminary statements in respect to reduction to practice, whereupon Brixey advanced his date to March, 1919, while Smith advanced his to September 10, 1919. Brixey accordingly is the senior party, claiming also earlier reduction to practice, while Smith claims prior conception. The claims of each as to conception and reduction to practice are contested by the other, and Brixey also

claims lack of diligence on Smith's part in reduction to practice. Smith also moved to dissolve the interference, on the ground that the issue was unpatentable, but the motion was denied, and is not now before us.

The Examiner of Interferences found upon the evidence that Smith's conception was in February, 1919, and his actual reduction to practice in September, 1919; that Brixey's conception and actual reduction to practice were in March, 1919. As already stated, Brixey's filing date is earlier than Smith's. The Examiner held that, since Brixey was prima facie the first inventor, and Smith a prior conceiver, who reduced to practice after Brixey, Smith could prevail only in event he showed diligence from before Brixey entered the field until Smith's own reduction to practice. In other words, Smith must show diligence from March, 1919, when Brixey conceived and reduced to practice, until September, 1919, when Smith reduced to practice. This, the Examiner held, had not been shown. Wherefore he awarded priority of invention to Brixey. This decision was affirmed by the Examiners in Chief, whose decision was affirmed by the Commissioner of Patents.

We do not think it necessary for us to recapitulate the evidence given in the case, nor to discuss the arguments of counsel in detail. In our opinion no error was committed in permitting Brixey to amend his preliminary statement, nor in holding that a common patentable invention was disclosed in the application of the respective parties. In respect to the findings below concerning reduction to practice and the alleged lack of diligence upon Smith's part, we need only say that Brixey is the senior party, that upon these issues he is here with three concurring opinions in his favor upon the evidence, and that upon a review of the record we cannot say that the conclusions of the lower tribunals were erroneous.

The decision of the Commissioner of Patents is therefore affirmed.